Pan v. Barr

BIA
Christensen, IJ
A206 686 245

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

LAI JUN PAN,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

18-2041
NAC

_____

FOR PETITIONER: Gerald Karikari, Esq., New York, NY.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Andrew N. O'Malley, Senior Litigation Counsel; Kimberly A. Burdge, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lai Jun Pan, a native and citizen of the People's Republic of China, seeks review of a July 2, 2018 decision of the BIA affirming an August 4, 2017 decision of an Immigration Judge ("IJ") denying Pan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lai Jun Pan,* No. A 206 686 245 (B.I.A. July 2, 2018), *aff'g* No. A 206 686 245 (Immig. Ct. N.Y. City Aug. 4, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's findings of fact under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v.*

2

*Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determinations for substantial evidence); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination as to

3

Pan's claim that she was persecuted in China because she practiced Christianity.

The agency reasonably relied on Pan's demeanor, among other things, during her shifting testimony about the second underground church that she allegedly attended. "We give particular deference to credibility determinations that are based on [the IJ's] observation of the applicant's demeanor," because the "ability to observe the witness's demeanor places [the IJ] in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Moreover, "[w]e can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Pan's testimony shifted as she described the second church, and although her testimony itself was not clearly internally inconsistent, it was inconsistent with her application. Pan testified that she

4

went to a second church twice after she was released, but she did not mention these visits in her asylum application, which instead reflects that after her arrest she "could no more continue [her] religious belief." Certified Administrative Record at 151. While she argues that this was a trivial omission that did not relate to her own persecution, she testified that a raid on the second church and arrest of several fellow worshipers was the reason that she left China. This is a detail that she "would reasonably have been expected to disclose" in her application. *See Hong Fei Gao*, 891 F.3d at 78.

After Pan's demeanor and inconsistent statements called her credibility into question, the agency properly determined that her corroborating evidence failed to rehabilitate her testimony. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably afforded diminished weight to a letter allegedly from the underground church because it did

5

not mention any raids or arrests, it was unclear why a secret church would use letterhead and an official stamp, and the writer was unavailable for cross examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Accordingly, the agency's adverse credibility determination is supported by substantial evidence.

The agency also reasonably determined that Pan did not independently establish a well-founded fear of future persecution based on her alleged practice of Christianity in the United States. Where, as here, an asylum applicant does not show past persecution, she may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b). The applicant must "present credible testimony that [s]he subjectively fears persecution and establish that [her] fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate a well-founded fear, an applicant must show either "a reasonable possibility . . . she would be singled out individually for persecution" if

6

removed or that the country of removal has "a pattern or practice" of persecuting "similarly situated" individuals. 8 C.F.R. § 1208.13(b)(2)(iii). Additionally, when, as here, an applicant's asylum claim is based on activities undertaken in the United States, she "must make some showing that authorities in [her] country of nationality are either aware of [her] activities or likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Considering the adverse credibility determination as to past events, the IJ reasonably determined that Pan did not provide sufficient evidence that authorities were aware or likely to become aware of her practice of Christianity. The agency also did not err in finding that Pan failed to show a pattern or practice of persecution of similarly situated individuals because her country conditions evidence shows that restrictions and enforcement vary by region, and enforcement is typically focused on church leaders. Further, her evidence does not show enforcement in her home province of Fujian. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149–50, 165–66 (2d Cir. 2008) (upholding BIA's conclusion that when enforcement of a policy varies by region,

7

asylum applicants have the burden to show enforcement of the policy in their home region).

Because the agency reasonably found that Pan's claims of past persecution were not credible and that she failed to demonstrate an objectively reasonable fear of harm as required for asylum, she also failed to establish her eligibility for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8